

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**QIANA SMITH-WILLIAMS**
*Senior Counsel*
Phone: (212) 356-2360
Fax: (212) 356-3509
Email: qwilliam@law.nyc.gov

January 8, 2021

The close of discovery will be extended until March 31, 2021. The conference scheduled for January 21, 2021, is adjourned to April 2, 2021, at 11:00 am. The case will be referred to Magistrate Judge Netburn for resolution of the discovery dispute. The Clerk of Court is respectfully directed to mail a copy of this order to Pro Se Plaintiff.

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  Jason Winters v. Warden K. Smalls, et al.,
     19-CV-7272 (VSB) (SN)

**SO ORDERED:**

*[signature]*
**HON. VERNON S. BRODERICK** 1/11/2021
**UNITED STATES DISTRICT JUDGE**

Your Honor,

   I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney for defendants in the above-referenced action. Defendants write to respectfully request that Your Honor order plaintiff to provide responses to Defendants' First Set of Interrogatories and Requests for Production of Documents by January 29, 2021. Additionally, defendants respectfully request an extension of the close of discovery, from January 15, 2021 up to and including to March 31, 2021.[1] This is defendant's first request for an extension of the discovery deadline. Because plaintiff is presently incarcerated, he could not be reached expeditiously to obtain his consent to this request.

   By way of background, plaintiff filed an Amended Complaint on October 28, 2019, alleging that, on March 9, 2019, he was attacked by another inmate. (Am. Compl. p. 4. (ECF No. 7.)) Plaintiff further alleges that defendants were deliberately indifferent in protecting him from the inmate and conspired to cover up the incident. (Id. at 4-6.) Plaintiff alleges that he sustained physical injuries as a result of the alleged underlying incident. On September 1, 2020, defendants served discovery requests and interrogatories on plaintiff. In October, plaintiff informed defendants that he did not receive the requests because he moved facilities. On October 20, 2020, defendants, again, served the discovery requests and interrogatories on plaintiff. Thereafter, the parties had a phone call during which defendants explained that they were entitled to responses to the discovery demands and plaintiff indicated that he would provide responses, including executed releases permitting defendants to obtain certain documents, including plaintiff's medical records. To date, however, defendants still have not received any responses.

---

[1]Should the Court grant defendants' request, defendants also respectfully request an adjournment of the status conference scheduled for January 21, 2021.

Plaintiff's responses to Defendants' First Set of Interrogatories and Requests for Production of Documents are relevant and necessary to the defense of this litigation. In plaintiff's complaint, he alleges that he sustained physical injuries as a result of the underlying incident. (ECF No. 7.) As such, at a minimum, defendants are entitled to access to plaintiff's relevant medical records. Further, to the extent plaintiff identifies other damages, including psychotherapy damages, they would also be probative to the defense of this action and the overall valuation of damages.[2] Accordingly, plaintiff should be ordered to provide responses to Defendants' First Set of Interrogatories and Requests for Production of Documents by January 29, 2021.

Finally, as the Court is aware, discovery in this matter is set to close on January 15, 2021—which is a week away. Because, as set forth above, plaintiff has not provided discovery responses, this matter has essentially been at a standstill. Defendants further note that even after receiving the requested discovery responses and releases, defendants must await production of the records, such as plaintiff's medical records, before plaintiff can be deposed. As such, an enlargement of the discovery deadline is necessary to obtain plaintiff's discovery responses, relevant documents, and to conduct plaintiff's deposition.

Based on the foregoing, defendants respectfully request that Your Honor order plaintiff to provide responses to Defendants' First Set of Interrogatories and Requests for Production of Documents by January 29, 2021. Additionally, defendants respectfully request an extension of the discovery deadline, from January 15, 2021 up to and including March 31, 2021. Thank you for your consideration of this matter.

Respectfully submitted,

*Qiana Smith-Williams*

Qiana Smith-Williams[3]
*Senior Counsel*

cc:   **VIA FIRST-CLASS MAIL**
Jason Winters
Anna M. Kross Center
18-18 Hazen Street
East Elmhurst, NY 11370

---

[2] Defendants in no way suggest that this is the only relevant outstanding discovery since defendants' discovery demands request various information including, but not limited to, the identification of any purported witnesses and information pertaining to plaintiff's criminal history, which may implicate plaintiff's credibility.

[3] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.