

**APPLICATION DENIED
SO ORDERED** [signature]
VERNON S. BRODERICK
U.S.D.J. 7/28/2021

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**DAMIAN P. GALLAGHER**
*Assistant Corporation Counsel*
Phone: (929) 930-0832
Fax: (212) 356-3509
Email: dgallagh@law.nyc.gov

July 27, 2021

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

The Court is appreciative of the update from Corporation Counsel regarding Plaintiff's potential transfer. The conference tomorrow will go ahead as planned. If Plaintiff is unable to join, the conference will be adjourned at that time. The Clerk of Court is respectfully directed to mail a copy of this order to Pro Se Plaintiff.

Re: *Winters v. Smalls, et al.*, 19 Civ. 7272 (VSB) (SN)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants Warden Smalls, Captain Barnaby, Deputy Cook, and Correction Officer Guaman in this matter. Defendants write, in an abundance of caution, to respectfully apprise the Court of a custodial impediment that may prohibit Plaintiff from appearing at the post-discovery conference scheduled for Thursday, July 29, 2021 at 2:00 PM and to respectfully inquire if the Court may wish to adjourn the conference in light of the circumstances described below.

By way of background, the Court scheduled a post-discovery conference for July 29, 2021 at 2:00 PM. *See* ECF No. 45. On May 18, 2021, Defendants transmitted the Court order to the New York City Department of Correction Legal Division. On July 13, 2021, the parties conferred by telephone to discuss the status of discovery and address matters for the joint status letter in preparation for the post-discovery conference. *See* ECF No. 47. During that conversation, Plaintiff stated that he expected to be sentenced and released from DOC custody before the conference, on or about July 19, 2021. On July 26, 2021, Plaintiff called the undersigned and stated that he was still incarcerated and that he may be transferred to a state penitentiary facility. To ensure that Plaintiff would be able to attend the upcoming conference, the undersigned called DOC Legal to enquire about Plaintiff's incarceration status. Upon information and belief, typically, an inmate who is sentenced while incarcerated in the DOC system is transferred to New York State Department of Corrections and Community Supervision ("NYS DOCCS") for the sentence to be effectuated. At some point, NYS DOCCS coordinates with DOC a custodial plan to pick up and transfer inmates into their care and custody.

      At this point, both DOC Legal and the undersigned are unaware of when exactly NYS DOCCS will gain custody of Plaintiff.[1]  Defendants anticipate that Plaintiff may be moved to state custody shortly.  If Plaintiff is being transferred from DOC to DOCCS—i.e. en route from the City facility to the State facility—he cannot be made available for a conference.  It is possible that DOC may not be able to make Plaintiff available for a conference on Thursday because he simply is no longer in their custody. As Defendants are mindful of the Court's limited judicial resources, Defendants wanted to raise this potential custodial impediment now and may inquire whether the Court may wish to briefly adjourn the conference in light of these circumstances.

      Thank you for your consideration herein.

Respectfully submitted,

*Damian P. Gallagher*

Damian P. Gallagher
*Assistant Corporation Counsel*

Cc: **By U.S. Mail**
    Jason Winters
    Plaintiff *Pro Se*
    B&C No. 3101900023
    Anna M. Kross Center (AMKC)
    18-18 Hazen Street
    East Elmhurst, NY 11370

---

[1] If Plaintiff is in DOC custody, Defendants have transmitted the order to DOC and will work to ensure that Plaintiff appears at the conference. But if Plaintiff is taken into NYS DOCCS custody before the conference, it is unclear whether there will be enough time for this Office to take necessary steps to advise the DOCCS facility of the conference.  Moreover, there is no Court order directing DOCCS to make Plaintiff available for a conference.